IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONNIE GULLY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 15-cv-00276-MJR |
| | ) |
| RICHARD WATSON, | ) |
| THOMAS TRICE, | ) |
| NANCY SUTHERLIN, | ) |
| SHANE COLLINS, | ) |
| KARL PANNIER, | ) |
| ANTHONY LEFLOORE, | ) |
| TERRY OWENS, | ) |
| JOHN MILLER, | ) |
| PHILLIP McLAURIN, and | ) |
| STEVEN STRUBBERG, | ) |
| | ) |
| Defendants. | ) |

## AMENDED MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

The Memorandum and Order dated April 28, 2015 (Doc. 11), mistakenly referring to Defendant Terry Owens as "Timothy Owens," is hereby **VACATED**, to be replaced by this amended order.

Plaintiff Ronnie Gully, Jr., is a detainee[1] currently housed in the St. Clair County Jail. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to several incidents involving his physical safety and medical care.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally

---

[1] Various official prison documents attached to the complaint describe Plaintiff as a "detainee," so the Court will presume he is a pretrial detainee and has not been convicted of a crime.

frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

The "complaint" is a multipart document including a "Statement of Claims" (Doc. 1-3, pp. 9-10), and a separate compendium for each of the two enumerated claims, each containing a list of the defendants Plaintiff associates with each claim, a memorandum of law, documentary exhibits and a witness list.[2] Each claim will be laid out in turn, but the Court will designate the claims as "counts."

### Count 1

According to the complaint (Doc. 1-3, p. 9), in March 2014 a nurse, accompanied by a guard, delivered medication to Plaintiff. After Plaintiff took the medicine, the guard, C/O Anthony Lefloore, physically assaulted Plaintiff without provocation, hitting him in the face and

---

[2] The electronically filed complaint is a bit jumbled, but the parts are labeled and easily sorted. The complaint is comprised of Doc. 1, pp. 1-6; Doc. 1-3, pp. 9-13. The compendium relative to "Claim #1" is Doc. 1, pp. 7-25; Doc. 1-1, pp. 1-25. The compendium associated with "Claim #2" is Doc. 1-1, pp. 23-25; Doc. 1-2, pp. 1-30; Doc. 1-3, pp. 1-8.

head. Officers Shane Collins and John Miller arrived and Collins joined Lefloore in beating Plaintiff. Lefloore also struck Plaintiff's head with a flashlight. Plaintiff, his head bleeding, was then handcuffed and beaten some more by the guards. Lefloore, Collins and Miller later escorted Plaintiff to the healthcare unit for treatment.

Plaintiff was later returned to his cell—by whom is unknown. He was placed on suicide watch, although he was not suicidal. As a result, Plaintiff's property was removed from his cell and he was left to sleep without a mattress, wearing only a "suicide gown." After 30 or 40 minutes, Plaintiff was found lying unconscious on the floor in a pool of urine and saliva.

Listed as defendants to Count 1 are: Jail Assistant Superintendent/Captain Thomas Trice; Sheriff Richard Watson, who is described as the "owner" of the Jail; Jail Superintendent Phillip McLaurin; C/O Shane Collins; C/O Anthony Lefloore; C/O John Miller; and Shift Superintendent Karl Pannier.

Plaintiff requests injunctive relief (the installation of video cameras), as well as compensatory and punitive damages.

The Court summarizes these allegations in the following overarching claim:

**Count 1: Defendants Trice, Watson, McLaurin, Collins, Lefloore, Miller and Pannier submitted Plaintiff to excessive force and harsh conditions of confinement, all in violation of the Fourteenth Amendment.**

<u>Count 2</u>

In August 2014, Plaintiff was in a dispute with another detainee, Dominic Hood, who threatened to throw urine on him. Plaintiff told C/O Terry Owens about the threat, but Owens still granted Hood's subsequent request to go to the recreation area, which would entail passing by Plaintiff. Hood was handcuffed, but allowed to carry a cup filled with Magic Shave,

powdered bleach, urine and a cleaning solution. As Hood passed Plaintiff, he threw the concoction in Plaintiff's face. Plaintiff screamed as the mixture burned his eyes and skin.

Captain Thomas Trice, Supervisor Nancy Sutherlin and Sergeant Steven Strubberg all arrived on the scene. Plaintiff asked to see a nurse, but was sent back to his cell. Plaintiff developed a rash on his face and neck. Adding insult to injury, guards laughed and mocked him.

Named as defendants to Count 2 are: Sheriff and "owner" of the Jail, Richard Watson; Jail Superintendent Phillip McLauren; Assistant Superintendent/Captain Thomas Trice; Supervisor Nancy Sutherlin; C/O Terry Owens; and Sergeant Steven Strubberg. Plaintiff seeks declaratory judgment; injunctive relief (installation of cameras, and the general provision of medical care); and nominal, compensatory and punitive damages.

The Court summarizes these allegations in the following overarching claim:

**Count 2: Defendants Watson, McLaurin, Trice, Sutherlin, Owens and Strubberg failed to protect Plaintiff from harm and failed to get him medical care, all in violation of the Fourteenth Amendment.**

## Discussion

The complaint is essentially a prepackaged lawsuit, from complaint to summary judgment memoranda, to exhibits and witness lists. Nevertheless, at this stage in the proceedings the Court's review is limited to evaluating the viability of the claims presented in the complaint (Doc. 1-3, pp. 9-10).[3]

> Claims concerning the conditions of confinement of civil detainees are assessed under the due process clause of the Fourteenth Amendment. *See West v. Schwebke,* 333 F.3d 745, 747–48 (7th Cir. 2003). Civil detainees "are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Youngberg v. Romeo,* 457 U.S. 307, 321–22, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982). But the Supreme Court has not determined how much additional protection civil detainees are entitled to

---

[3] The Court will analyze Plaintiff's claims as presented by Plaintiff, and will not comb through the memoranda and supplemental documents to fashion more complete or expansive claims.

> beyond the protections afforded by the Eighth Amendment bar on cruel and unusual punishment.

*McGee v. Adams*, 721 F.3d 474, 480 (7th Cir. 2013); *see also Currie v. Chhabra*, 728 F.3d 626, 629 (7th Cir. 2013) (regarding criminal detainees). Because the protection afforded under both Amendments is virtually identical, the Court will also refer to and cite Eighth Amendment case law. *See Smith v. Sangamon County Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013).

### Count 1

The Due Process Clause of the Fourteenth Amendment prohibits conditions of confinement for pretrial detainees that amount to punishment. *Board v. Farnham*, 394 F.3d 469, 477 (7th Cir. 2005). Similarly, the Eighth Amendment to the United States Constitution protects convicted prisoners from being subjected to cruel and unusual punishment. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). When prison officials are accused of using excessive force against an inmate, "[t]he claimant must show that officials applied force 'maliciously and sadistically for the very purpose of causing harm.'" *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Hudson v. McMillian*, 503 U.S.1, 6 (1992)). These constitutional protections also extend to conditions posing a substantial risk of serious harm to health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012).

The alleged unprovoked assault upon Plaintiff by Officers Lefloore, Collins and Miller is an adequate basis for a Fourteenth Amendment "excessive force" claim. The allegations that Plaintiff was intentionally placed on a suicide watch and subjected to harsher conditions of confinement also fall within the ambit of the Fourteenth Amendment. However, the implication that Plaintiff did not receive proper medical care (because he returned to his cell and passed out) is far too vague to meet the *Twombly* pleading standard. Still, additional analysis is warranted.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). As a result, the doctrine of *respondeat superior* does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). "Supervisory liability will be found … if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997); *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002) (allegations that an agency's senior officials were personally responsible for creating the policies, practices and customs that caused the constitutional deprivations suffice to demonstrate personal involvement).

The complaint sufficiently alleges personal involvement by Defendants Officers Lefloore, Collins and Miller relative to the alleged assault. That aspect of Count 1 shall proceed.

The other allegations in Count 1, and the other prison officials named as defendants to Count 1, must be dismissed. The complaint fails to indicate who placed Plaintiff on suicide watch and in a strip cell. The list of defendants to Count 1 includes Shift Supervisor Karl Pannier, who is described as failing to prevent or stop the abuse, and having "signed off" on the false report that Plaintiff was suicidal (Doc. 1, p. 7). The Court's review, however, is limited to the claims as framed by Plaintiff, not information scattered elsewhere throughout the 93-page complaint. There are no allegations regarding Assistant Superintendent Thomas Trice, Sheriff Richard Watson or Superintendent Phillip McLaurin. Furthermore, as already explained, those officials cannot be held liable merely because of their supervisory positions. Consequently,

Pannier, Trice, Watson and McLaurin must all be dismissed. Dismissal of the insufficiently pleaded aspects of Count 1 and defendants Pannier, Trice, Watson and McLaurin will be without prejudice.

### Count 2

The Fourteenth and Eighth Amendments obligate prison officials to protect prisoners from known substantial risks to their safety, including violent assaults by fellow prisoners. *Smith v. Sangamon County Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013). A prisoner's safety is not guaranteed; liability will attach only where the defendant official was aware of a substantial risk of serious injury but failed to take appropriate steps to protect the prisoner. *Id*.

The complaint states a colorable claim regarding Terry Owens knowing that inmate Hood posed a threat to Plaintiff but still permitting Hood to pass by Plaintiff carrying a cup of liquid. A viable claim is also stated against Thomas Trice, Nancy Sutherlin and Stacy Strubberg, who purportedly denied Plaintiff medical care. Those claims may proceed.

There are no allegations regarding Sheriff Richard Watson and Superintendent Phillip McLaurin in the narrative underpinning Count 2. Again, officials cannot be held liable merely because of their supervisory positions. Consequently, Watson and McLaurin will be dismissed without prejudice.

### Severance

The excessive force claim against Defendants Lefloore, Collins and Miller in Count 1, although a viable constitutional claim, cannot proceed together in the same action with Count 2, the failure to protect claim against Defendant Owens, and the related medical care claim against Defendants Trice, Sutherlin and Strubberg.

Federal Rule of Civil Procedure 18 generally permits a party to join "as many claims as it

has against an opposing party." FED.R.CIV.P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). With that said, Rule 20 permits multiple defendants to be joined in a single action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED.R.CIV.P. 20(a)(2)(A), (B).

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act ("PLRA"). *Id.* at 607, (citing 28 U.S.C. § 1915(b), (g)). Otherwise, prisoners easily could sidestep the requirements of the PLRA, in particular the provisions regarding filing fees. *See id*. Accordingly, *s*everance is appropriate under Federal Rule of Civil Procedure 21 as long as the two resulting claims are "discrete and separate." *Rice v. Sunrise Express,* 209 F.3d 1008, 1016 (7th Cir. 2000); *see also George,* 507 F.3d at 607. In other words, one claim must be capable of resolution despite the outcome of the other claim. *Id.*; *see also Gaffney v. Riverboat Servs. of Indiana, Inc.,* 451 F.3d 424, 442 (7th Cir. 2006).

Counts 1 and 2 have no common defendants or claims; the incidents at issue occurred five months apart and there is no common thread tying them together. Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court shall sever Counts 1 and 2 of Plaintiff's complaint, and shall open a new case with a newly-assigned case number for Count 2. However, Plaintiff shall have an opportunity to voluntarily dismiss the newly severed case if he

does not wish to proceed on those claims or incur the additional filing fee.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the allegations in **Count 1** that Plaintiff was intentionally placed on a suicide watch, subjected to harsher conditions of confinement and that he did not receive proper medical care are **DISMISSED without prejudice**; Defendants **Karl Pannier, Thomas Trice, Richard Watson and Phillip McLaurin** are all **DISMISSED without prejudice** from **Count 1**.

**IT IS FURTHER ORDERED** that the "excessive force" claim in **Count 1** shall **PROCEED** against Defendants **Anthony Lefloore, Shane Collins and John Miller**.

**IT IS FURTHER ORDERED** that Defendants **Richard Watson and Phillip McLaurin** are **DISMISSED without prejudice** from **Count 2**.

**IT IS FURTHER ORDERED** that the "failure to protect" and "medical care" claims in **Count 2** shall **PROCEED** against Defendants **Thomas Trice, Nancy Sutherlin, Terry Owens and Steven Strubberg**.

**IT IS FURTHER ORDERED** that Defendants **Richard Watson, Karl Pannier and Phillip McLauren** are **DISMISSED without prejudice** from this action.

**IT IS FURTHER ORDERED** that **Count 2** is **SEVERED** from this case and shall form the basis of a new case brought against Defendants **Thomas Trice, Nancy Sutherlin, Terry Owens and Steven Strubberg**. The new case shall be randomly assigned to a district judge. In the new case, the Clerk is **DIRECTED** to file the following documents:

  (1) This Memorandum and Order;

  (2) The Original Complaint (Doc. 1);

  (3) The Motion for Recruitment of Counsel (Doc. 3); and

  (4) The Motions for Service of Process at Government Expense (Docs. 4, 8).

**IT IS FURTHER ORDERED** that on or before **April 30, 2015**, Plaintiff shall notify the Court in writing whether he wants to (1) proceed with the new case and incur another filing fee, or (2) voluntarily dismiss the new case, in which case no additional filing fee will be assessed. If Plaintiff elects to proceed with the new case he must also either submit the $400 filing fee in full, or file a motion for leave to proceed *in forma pauperis* in the new case (accompanied by the required financial affidavit and certified trust fund account).

**IT IS FURTHER ORDERED** that with respect to the present case, Plaintiff has been granted pauper status; accordingly, Plaintiff's motions for service of summons at government expense (Docs. 4, 8) are **GRANTED**.

The Clerk of Court shall prepare for Defendants **Anthony Lefloore, Shane Collins and John Miller**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file

or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants **Anthony Lefloore, Shane Collins and John Miller** are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Steven C. Williams** for further pre-trial proceedings, including consideration of Plaintiff's motion for counsel (Doc. 3).

Further, this case shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a

stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. SDIL Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 29, 2015**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**